LIZZIE T. RYAN v. OWEN PHILLIPS, *as Assignee of The State Bank of Oberlin, et al.*

No. 96.

1. TRUST FUNDS—*Insolvent Bank*—*Payment May Be Enforced.* Where money is paid to, and accepted by, a bank for the purpose of transmitting the same to the holder of a note made by the person so paying, and the same is by such bank mingled with its assets and used to swell its general estate, and is not transmitted, and the bank thereafter makes an assignment for the benefit of its creditors, the money so received will be held to be a trust fund; and, though the specific money cannot be followed, a trust therefor will attach to the entire estate which may be enforced against the assignee.

2. ——— *Action by Cestui Que Trust.* When the person for whose benefit such trust was created adopts the same, and no other rights or claims thereto have intervened, an action may be maintained by such person to compel the execution of the trust by the trustee.

3. PARTIES—*When Defect is Waived.* A defect of parties will be deemed waived unless taken advantage of by demurrer, when such defect appears upon the face of the petition, or by answer, when it does not so appear.

MEMORANDUM.—Error from Decatur district court; A. C. T. GEIGER, judge. Action by Lizzie T. Ryan against Owen Phillips, as assignee of The State Bank of Oberlin, Kansas, and The State Bank of Oberlin,

Kansas, to recover trust funds. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein, filed May 5, 1896, states the material facts.

*Bertram & McElroy*, for plaintiff in error.

*L. H. Thompson*, and *J. C. Wilson*, for defendants in error.

The opinion of the court was delivered by

GARVER, J.: The Iowa Mortgage Company negotiated a loan from Lizzie T. Ryan, the plaintiff in error and plaintiff below, to one Samuel C. Sawyer, for $500, due in five years from November 24, 1886. The same was evidenced by a note of that date, and was secured by a mortgage on the lands of Sawyer in Decatur county. On May 26, 1893, Sawyer delivered to the State Bank of Oberlin, in said county, the sum of $200, to be transmitted to the Iowa Mortgage Company for payment to the plaintiff in error on said note and mortgage, which said bank undertook to do. Instead of doing so, however, it misappropriated and converted said money to its own use, by mingling it with the money and other assets of the bank. Said bank subsequently became insolvent, and on July 12, 1893, made a general assignment for the benefit of its creditors, the defendant Owen Phillips, at the time of the commencement of this action, being the duly-appointed and acting assignee. Thereafter, this proceeding was instituted by the plaintiff in error to recover the said $200 as a trust fund, and to have it established as a preferred claim to be paid out of the assets of said bank. The district court of said county refused the claim of the plaintiff and rendered judgment against her for costs.

We think the decision of the district court is erroneous. The facts are undisputed, the evidence clearly showing the receipt of the money by the bank for the specific purpose of remitting the same to the holder and owner of the Sawyer note. The bank accepted the trust, and assumed a duty to the *cestui que trust*, the plaintiff in error, which could be executed only by transmitting the money to her. No title to or interest in this fund ever passed to the bank. Its abuse of the trust conferred no rights upon it, nor upon those in privity with it. As the money was mingled with the assets of the bank and went to swell its general estate, a trust therefor attached to the entire estate, even though the specific fund cannot be followed. (*Peak v. Ellicott*, 30 Kan. 156; *Myers v. Board of Education*, 51 id. 87.)

It is contended by the defendant in error that Sawyer is the proper party to bring this action; that it cannot be maintained by the plaintiff; or that, at least, Sawyer and the Iowa Mortgage Company should have been made parties, so that the assignee would have been protected from any claim or liability to either of them. This objection, we think, is without merit. It may be true that a cause of action existed in favor of Sawyer, and, had he seen fit to do so, he might have maintained an action similar to this. He seems, however, to have waived any such right by appearing as a witness in this case and testifying in support of the claim of the plaintiff. The plaintiff, as the one for whose benefit the trust was created, could adopt the arrangement made, and, no other rights or claims intervening, could demand the execution of the trust by the trustee. It certainly does not lie in the mouth of the bank, under the circumstances of this case, to deny her right. (*Anthony*

*v. Herman*, 14 Kan. 494; *Center v. McQuesten*, 18 id. 476; *Plano Mfg. Co. v. Burrows*, 40 id. 361; *Berley v. Tayler*, 5 Hill, 577; *Canal Co. v. Westchester Co. Bank*, 4 Denio, 97; *Brown v. O'Brien*, 1 Rich. L. 268.) The fact that the plaintiff may not have been specifically named as the one to whom the money was to be remitted is immaterial. It is conceded that it was accepted by the bank for the benefit of the holder of the note, and was to be remitted to such holder through the Iowa Mortgage Company. This was a sufficient identification of the person who was to receive the money. (*Burton v. Larkin*, 36 Kan. 246, 250.)

There was no necessity of making either Sawyer or the Iowa Mortgage Company a party to this action. If it had laid any claim to the money it would have been proper to bring it in, in order that such claim might be adjudicated and determined. But no such claim was made. The petition on its face does not show any defect of parties, nor is a defect alleged in the answer. A matter of this kind must be raised upon the pleadings. If not so raised, it must be deemed to be waived, even though there may have been other proper or necessary parties. Upon the evidence, the plaintiff was clearly entitled to the relief and judgment prayed for.

The judgment will be reversed, and the case remanded for a new trial.

All the Judges concurring.