MARY E. HAZELTINE v. J. B. McAFEE, *as Assignee of John D. Knox & Co.*

No. 197.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — *one claiming trust fund need not show identical fund or specific property representing it passed to assignee.*  To authorize plaintiff to recover from the assignee under a general assignment money collected by the assignor as her agent, it was not necessary for her to show that the very same fund, or property in which the fund was invested by the assignor, came into the hands of the assignee.

2. ———— *but sufficient if fund used by assignee without authority in ordinary course of his business.*  Where it appeared that the assignor, being a banker, collected, as her agent, the plaintiff's note and mortgage, and put the proceeds into his own bank, or another, and that the funds were not lost nor wasted by him, but, without the knowledge or authority of the owner, were used by him in the ordinary course of his business; *held,* that this was a sufficient showing that the funds came into the hands of the assignee to enable the claimant to recover from him.

Error from Shawnee District Court. Hon. John Guthrie, Judge. Opinion filed April 30, 1897. *Reversed.*

*Jetmore & Jetmore,* for plaintiff in error.

*A. Bergen,* for defendant in error.

Mahan, P. J. Upon the principal issue, the facts in this case bring it within the rule laid down by the Supreme Court in *Peak v. Ellicott, Assignee,* 30 Kan. 161; *Myers v. Board of Education,* 51 id. 87; *Hubbard v. Irrigating Co.,* 53 id. 637, and *Ryan v. Phillips,* 3 Kan. App. 704.

On the first of October, 1890, the assignors, John D. Knox & Co., who were bankers, received the plaintiff's money, deposited it with the bank's funds, and, without the plaintiff's knowledge or authority, used it indiscriminately with their own funds in discharging the obligations of the bank. February 18, 1891, they made an assignment. The effect of the findings of the District Court is, simply, that it is impossible to trace this fund into any particular piece of property in the hands of the assignee. It was not lost or wasted, but went into the general estate of the assignors. Under the decisions of our Supreme Court, it is not necessary to trace the fund into specific property in order to authorize the plaintiff to recover.

Upon the second contention, that the plaintiff failed to present this claim to the assignee at the time designated in the notice to the general creditors, the Supreme Court has recently held, in the case of *Burrows v. Johntz* (57 Kan. 778), that the presentation of this kind of a claim to the assignee, instead of expressly claiming the fund as a trust fund, is an abandonment of the trust and an election to stand as a general cred-

HAZELTINE v. McAFEE, *Assignee*.    121

April 30, 1897.      Opinion.   Mahan, P. J.          E. Div.

itor. The court, in that case, further held that the plaintiff could recover only as for a tort, and not as a creditor; and so presentation of the claim to the assignee was not necessary, and, indeed, would have been disastrous to the plaintiff's claim of a trust fund.

Counsel for defendant in error calls attention to the case last cited, as tending to hold that, in order to charge an assignee with a trust fund, the money must be traced into some particular property in the hands of the assignee. This question was not in that case. In that case there was a motion to strike the application or petition from the files on the ground that it was barred by the Statute of Limitations; and that was the only question that arose in the case, and the only one that was decided by the court below. It was contended, however, in the Supreme Court, that the judgment in the District Court, dismissing the petition for the reason that it was barred by the Statute of Limitations, should not be disturbed, because it appeared that the claimant had presented his claim to the assignee and had thereby waived the benefit of the trust. True, the court says in the opinion that it does not appear from the evidence that the fund went into the hands of the assignee; but the fact is that there was no evidence offered upon the validity of the claim as a trust fund, and no opportunity was given to offer any evidence. The claim was dismissed solely upon the ground that it was barred by the Statute of Limitations, and the only proof offered was upon that question. The writer of the opinion did refer to the fact that there was no evidence that the fund ever, in any form, went into the hands of the assignee, but that was a mere *dictum*. It cannot be supposed that the court intended, in such a manner, to overrule a line of its de-

cisions running through a number of years, beginning with the 30th Kansas.

·· The judgment will be reversed, and the case remanded to the District Court with directions to enter a judgment for the plaintiff, on the findings of fact, for the amount of money received for her by John D. Knox & Co., less forty dollars already paid.