MAGGIE O'NEIL *et al., Appellants,* v. FRED L. EPTING, *as Executor, etc., et al., Appellees.*

No. 16,448.

SYLLABUS BY THE COURT.

JURISDICTION — *Action by Cestui que Trust against Trustee.* Where by the terms of the contract which created the trust a *cestui que trust* is forced to rely upon his trustee's personal liability he occupies a position toward the estate of the trustee which is identical with that of a contract creditor, and in such a case he may maintain an action at law against the

trustee or the administrator of the trustee's estate to recover a debt matured by the terms of the contract.

Appeal from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed April 9, 1910. Reversed.

*E. N. Connal, J. M. Pleasant,* and *Joe Rolston,* for the appellants.

*Henry E. Ganse,* and *Louis H. Hannen,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellants filed in the probate court of Coffey county a claim against the estate of David O. Owens, deceased, as follows:

"BURLINGTON, KAN., January 11, 1908.
"In the Probate Court of Coffey county, Kansas.
"Estate of David O. Owens.
"To Maggie O'Neil and Hugh Hughes, Dr., 1905, March 1.
"To money and property turned over to said Owens by Hannah Owens (formerly Hannah Hughes and the mother of Maggie O'Neil and Hugh Hughes), in about 1868, in consideration of which the said David O. Owens then orally agreed to hold the same in trust for the use thereof and at his death to pay the principal to the said Maggie O'Neil, formerly Maggie Hughes, and Hugh Hughes, and which money and property was of the value and valued by the said Hannah and David O. Owens at the sum of $900; to interest on same from David O. Owens's death to date, $157. Total, $1057."

The claim was properly verified and was set for hearing, at which all parties appeared. The executor demurred to the evidence introduced in support of the claim, which demurrer the court overruled, but upon the declination of the executor to offer any evidence on his part the court disallowed the claim. The appellants thereupon appealed to the district court. Upon the trial in the latter court the appellants introduced evidence which showed, *prima facie,* that about

the year 1868 their mother, then the wife of David O. Owens, delivered to Owens money and securities of the agreed value of $900, upon an oral agreement that he should hold and have the use thereof during his lifetime and at his death should pay such sum to the appellants, her children by a former marriage; that Owens accepted the money and securities and agreed to repay the $900 to the appellants at his death; that Owens, at the time of his death, February 27, 1905, was a resident of Coffey county; that on March 27, 1905, Epting was appointed and qualified as executor of the estate, and gave due notice of his appointment as such, April 6, 1905; that on January 11, 1908, the claim was exhibited to the executor, and was filed in the probate court January 23, 1908; that no part of such sum of money had been paid to the appellants or to either of them by Owens or by his executor.

Thereupon the executor renewed his motion to dismiss the case. The motion was sustained for the following reason, as expressed by the court: "I regard it as a trust fund that can't be established against an estate in that way." In this the court erred. The evidence produced entitled the appellants, *prima facie,* to judgment. It should be observed that the relief sought was not to have property which ostensibly belonged to the estate of Owens decreed to belong to the beneficiaries of the trust and to be no part of the estate; nor was it sought to establish that funds had come into Owens's hands as a trust and had been so used by him that they could not be traced; nor was it sought to carve the amount out of the estate for the beneficiaries in preference to all creditors or legatees. The claim is that by the terms of the contract the trustee was to have the use of the funds during his lifetime, and at his death he was to pay, and pledged his personal responsibility to pay, the sum of $900 to the beneficiaries. Neither law nor equity implies any new contract for the parties. The appellants accepted the arrangement,

as they were compelled to; otherwise they had no claim in law or equity. Accepting the contract made for their benefit by their mother, they became at Owens's death his creditors, and he became their debtor. In volume 2 of Beach on Trusts and Trustees, section 690, it is said:

"*Cestui que trust*, when forced to rely upon his trustee's personal liability, occupies a position toward the estate of the trustee which is no better, but is identical with that of a simple contract creditor."

This excerpt is quoted with approval in *Holderman v. Hood,* 70 Kan. 267, 285. (See, also, *Ryan v. Phillips,* 3 Kan. App. 704, and cases there cited; *Metcalfe v. Union Trust Co.,* 181 N. Y. 39; *Harrigan v. Gilchrist,* 121 Wis. 127; 28 A. & E. Encycl. of L. 905.) It follows that the probate court and the district court each, in succession, had jurisdiction to adjudicate the claim.

The judgment is reversed and the case is remanded for further proceedings in accordance herewith.