Marsh v. First State Bank and Trust Co. of Canton, 185 Ill. App. 29.

## Leroy Marsh, Appellee, v. First State Bank and Trust Company of Canton, Appellant.

1. BANKS AND BANKING, § 86*—*when bank liable for misapplication of proceeds of check.* In an action on the case against a bank for the wrongful application and conversion of a check, where it appeared that the check had been sent to the bank by the plaintiff to induce the bank to pay a protested check which had been previously drawn by a third person payable to plaintiff, and that the bank did not pay the protested check with the proceeds of the check in question but credited the account of the third person therewith, *held* that the evidence was sufficient to sustain a verdict for plaintiff.

2. BANKS AND BANKING, § 121*—*words on check construed.* Words "a/c D. W. Thomas" on the bottom of a check cannot be construed to be a direction to the bank to deposit the amount of the check to the credit of D. W. Thomas, but rather a memorandum of the maker of the check to identify the transaction in which the check was issued.

3. APPEAL AND ERROR, § 1561*—*when refusal of requested instruction not error.* Refusal to give instructions fully covered by other instructions given, *held* not error.

4. INTEREST, § 5*—*when allowed.* Interest is properly allowed on moneys received to the use of another.

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913. *Certiorari* denied by Supreme Court (making opinion final).

A. E. TAFF, for appellant; W. S. JEWELL, of counsel.

WILLIAMS, LAWRENCE, WELSH & GREEN and MARVIN T. ROBINSON, for appellee; F. O. McFARLAND, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee, Leroy Marsh, plaintiff in the court below, brought an action in case against appellant for the wrongful and unlawful application and conversion of a check drawn by appellee payable to the order of appellant for the sum of $2,000. Said check is as follows:

"GALESBURG, ILL., Dec. 10, 1912—No. 9630.
Pay to the order of First State Bank and Trust Co.,—
$2,000.00
Two thousand and no-100....................Dollars
To Bank of Galesburg, Galesburg, Ill.
70-33            (Signed)   LEROY MARSH.
a/c D. W. Thomas."

The defendant filed a plea of general issue, and the trial resulted in a verdict in favor of the plaintiff assessing the damages at $2,016.67, on which verdict judgment was rendered.

The evidence for the appellee tends to show that on the 6th day of December, 1912, he was a resident of Galesburg, Illinois, and engaged in running a wholesale business of buying and selling at public auction on one or more days in each week large numbers of horses, and that in the course of his business of purchasing said horses he arranged with different persons to purchase horses to be bought and sold at his auctions; that among the persons who bought horses for him for such purposes was one D. W. Thomas, a resident of Fulton county, and that said Thomas prior to December 6, 1912, had purchased and delivered to appellee at his auction stable in the city of Galesburg certain horses of the value of $2,000; that appellee had furnished to said Thomas for the purchase of said horses money amounting to $2,000, and in consideration thereof said Thomas on December 6, 1912, drew his check on the First State Bank and Trust Company of Canton, Illinois, payable to appellee or order in the sum of $2,000, and delivered the same to appellee; that

appellee placed said check in the Bank of Galesburg and in due course of business it was received by the First National Bank of Canton and presented by the latter bank to appellant for payment; that when it was so presented to appellant, payment was refused and the check was protested; that on or about the 10th day of December, 1912, appellee having received notice of the protest of said check called up appellant at its office in Canton and had a conversation with the assistant cashier of appellant Bank, George W. Lane.

The real contention between the parties in this suit arises out of what was said in this conversation between appellee and the witness Lane. Appellee testified that in this conversation with appellant's cashier appellee told him that he did not like to have his checks thrown out that way and asked if he would send his personal check for $2,000, payable to the bank, whether the bank would take care of the protested check executed by Thomas, and that he, witness Lane, promised appellee that if appellee sent his personal check payable to the order of appellant Bank that the bank would pay the protested check of Thomas. Thereupon appellee sent his personal check for $2,000, payable to the order of appellant, to the appellant. The appellant did not take care of the protested check with the proceeds of appellee's check, but credited the account of said Thomas with $2,000, which account was subsequently checked out by Thomas by other checks.

The witness Lane admits he had a conversation with appellee on that day concerning the protested check, but denies that he told appellee that if appellee sent the $2,000 check to the bank, the bank would pay the protested check.

Appellee's testimony is corroborated to some extent by the witness Olds, who was appellee's bookkeeper and was in the room while appellee was telephoning and heard appellee's part of the conversation. If the facts are, as the evidence for appellee tends to show, that this check was sent to the appellant Bank for the

particular purpose and the only purpose of paying the protested check of Thomas and the bank promised so to do, then there was a misapplication of the funds represented by this check and the appellant Bank became liable to appellee for the amount thereof. The contention of the parties in regard to this matter was purely a question of fact for the jury to determine and the jury having found this contention in favor of appellee, it cannot be disturbed on the ground that it is contrary to the weight of the evidence.

It is assigned for error that an action on the case will not lie because the check itself shows that it was to be a general deposit and not a special one. The basis for this claim is the words "a/c D. W. Thomas," on the bottom of the check. It is insisted that this is a direction to deposit the amount of this check to the credit of D. W. Thomas. We do not think that the effect of these words warrants such a legal construction. The words do not pretend to be any instruction to the bank to do anything whatever with the proceeds of the check, but appear, rather, to be a memorandum of the maker of the check to identify the transaction in which the check was issued.

Complaint is made of the refusal to give instructions numbered 6, 7, 8, 9 and 10 offered by appellant. Instructions 6, 7, 9 and 10 have no application to the issues involved in this suit, and the proposition laid down in the 8th refused instruction was fully covered by the other instructions given for appellant. The criticism of appellee's given instructions we think is without substantial merit.

Interest was properly allowed, as the statute provides for the allowance of interest on moneys received to the use of another.

We have carefully considered the other errors assigned, but find none that justify a reversal of the case, and the judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*