[No. 11912.  Department Two.  June 27, 1914.]

T. A. STEPHENS *et al.*, *Appellants*, v. CHEHALIS NATIONAL BANK, *Respondent*.[1]

BANKS AND BANKING—DEPOSITS—SPECIAL DEPOSITS—CONDITION—LIABILITY. Where a loan was negotiated with the understanding that the money, when deposited in the bank, was to be used only in payment of specified bills of the mortgagor and of bills against the building on the mortgaged premises, and the bank notified the mortgagor of the special features of the deposit, which was acquiesced in after some dissent, the deposit was a special one and the bank was justified in refusing to honor checks not drawn in payment of bills against the building.

Appeal from a judgment of the superior court for Lewis county, Wright, J., entered October 28, 1913, upon the verdict of a jury rendered in favor of the defendants by direction of the court, in an action in tort. Affirmed.

*G. E. Hamaker*, for appellants.

*C. A. Studebaker*, for respondent.

MORRIS, J.—Action to recover damages for failure to honor a check, the appeal being taken from a judgment en-

[1]Reported in 141 Pac. 340.

tered upon an instructed verdict for defendant. The appellants were the owners of a building in Chehalis, which was undergoing extensive repairs. They had become indebted to respondent bank in the sum of $3,700, for which they had given a demand note. They were also indebted to a lumber company in the sum of $216. The debts were pressing, and an arrangement was made between appellants and the bank under which the bank negotiated a loan from one Neiman, for $5,200, secured by a mortgage upon the property. Upon completion of the loan, the money was deposited in the bank and appellants notified. Mr. Motter went to the bank and was then notified that the deposit was a specific one, and that the bank had been instructed by Neiman to disburse the money, first, in payment of the note due the bank and the lumber account, the balance to be applied only in payment of materials and labor used in the repair of the building, and that no check would be honored except those given for these purposes. Mr. Motter then made some objection to this as not within the understanding upon which the loan was made; but the bank insisting upon carrying out its instructions, he drew a check for the amount due the bank on the note, and also mailed one to the lumber company in payment of its account. While making some objection to the special nature of this deposit at the time of his conversation at the bank, Mr. Motter, in giving his evidence, admitted that the understanding with Neiman was that the money, when deposited in the bank, was to be used only in payment of bills against the building after taking up the note and paying the lumber account. In addition to the verbal notice, the bank sent a letter to appellants, setting forth the nature of the deposit and the purposes to which only it could be applied. The appellants say this letter was not received until some days after Motter's visit to the bank. That, however, is not material, as it is clear that Motter knew of the special feature of the deposit, at the time and before he visited the bank, and that the letter

was received prior to the day when payment of the check next referred to was refused. A few days later, appellants drew a check on the bank for $1,061.20 in favor of another bank, thus seeking to transfer the deposit. The respondent refused payment of this check, and this refusal is made the basis of this action.

It cannot be disputed but that the deposit in the bank was a specific one, and that the bank was instructed to honor checks only for the purposes indicated in the specific deposit. This was the understanding of all parties. If appellants accepted the deposit, they must accept the conditions under which it was made. It is admitted that the check which the bank refused to honor was not drawn in payment of any bills against the building, but that its purpose was to change the account to another bank in order that appellants might carry the fund as a general deposit. Under these circumstances, the respondent bank was justified in refusing to honor the check, and we can see no ground upon which appellants can base a cause of action because of such refusal.

No special reference to the errors alleged is necessary. The judgment is affirmed.

CROW, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.