No. 19,239.

FANNIE EADIE, *Appellee,* v. JAMES HAMILTON, as Administrator, etc., *Appellant.*

SYLLABUS BY THE COURT.

JURISDICTION OF PROBATE COURT—*Trusts—Enforcement of Claim Arising from a Trust Against Estate of Trustee.* The plaintiff, the owner of a note secured by a real-estate mortgage, assigned the instrument to her brother, who agreed to foreclose the mortgage, purchase the land at the foreclosure sale, hold the land for the plaintiff until a favorable opportunity should present itself, and then sell the land and account to the plaintiff for the proceeds, less all expenditures. Pursuant to this arrangement the brother purchased a first mortgage on the land, foreclosed both mortgages, purchased the land at the foreclosure sale, paid costs and attorney fees, made other advancements, and after keeping the land for a number of years sold it at a profit above all expenditures. He died without having rendered an account to his sister. The plaintiff presented a claim against her brother's estate in the form of an account showing various debits and credits and stating a balance due her arising from the transactions stated. *Held,* the probate court has jurisdiction to adjudicate the claim and that the agreement between the plaintiff and her brother was provable by parol evidence.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed February 6, 1915. Affirmed.

*L. C. Boyle,* and *C. M. Howell,* both of Kansas City, Mo., for the appellant; *J. S. Brooks,* of Kansas City, Mo., of counsel.

*Edward M. Tracewell,* and *William J. Moore,* both of Columbus, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The cause originated in the probate court by the presentation of a claim against the estate of William Hamilton, deceased. The claim was allowed and the administrator of the estate appealed to the district court. Judgment was rendered in the district

court in favor of the claimant and the administrator again appeals.

The claim filed in the probate court consisted of an account showing various debits and credits and stating a balance due. It arose under the following circumstances: The claimant, Fannie Eadie, was formerly the owner of a tract of land which she mortgaged and then sold. The purchaser assumed payment of the mortgage and gave a second mortgage to secure a portion of the purchase price. The purchaser defaulted upon both mortgages and the plaintiff was obliged to take measures to protect her interests. Having no experience in such matters she consulted her brother, John Hamilton, who in turn consulted their brother, William Hamilton. The result was the claimant assigned her note and mortgage to William Hamilton, who agreed to foreclose the mortgage, purchase the land at the foreclosure sale, hold the land for the plaintiff until a favorable opportunity should present itself, and then sell the land and account to the plaintiff for the proceeds, less all expenditures. Pursuant to this arrangement, William Hamilton purchased the first mortgage, foreclosed both mortgages, purchased the land at the foreclosure sale, paid costs and attorney fees, made other advancements, and after keeping the land for a number of years, sold it at a profit above all expenditures. He died without having rendered an account of his transactions to his sister.

The administrator resisted the claim on the principal ground that its enforcement involved the exercise of equitable jurisdiction not granted to the probate court. It was contended further that an attempt had been made to create a trust in land not expressed in writing, and that the claim was barred by the statute of limitations.

Certain facts were agreed to and certain others were found specially by the jury, upon which judgment denying the claim was asked. All the facts thus established were clearly not sufficient to authorize such a judg-

ment, and the only remaining assignment of error applicable to the defenses other than want of jurisdiction is that the court overruled the administrator's demurrer to the claimant's evidence. This assignment of error can not be considered because no motion for a new trial was filed.

It may be observed that the claimant assigned her note and mortgage to William Hamilton to be handled in a certain way for her benefit. Conceding that the trust agreement was not in writing and contemplated that real estate should be purchased, held, and sold, the trustee could not procure possession of the note and mortgage under the agreement and then refuse to account for them at all. Equity would not permit him to convert the note and mortgage to his own use in violation of the confidence reposed in him and contrary to the intention of both parties, but would charge him with a constructive trust for the prevention of such a fraud. The case not being one involving simply the breach of an oral contract relating to land, but being one in which the law itself imposes a trust upon the situation created by the conduct of the parties, the plaintiff's claim was properly provable by parol evidence. (*Piper v. Piper*, 78 Kan. 82, 95 Pac. 1051; *Clester v. Clester*, 90 Kan. 638, 640, 135 Pac. 996.)

The note and mortgage were not recoverable, the land was not recoverable, and the fund produced by the foreclosure of the mortgage and the purchase and sale of the land was not identifiable. The claimant was obliged to rely upon the personal liability of the trustee, both under the contract and under the facts as they existed when the claim was presented. The claimant occupied a position identical with that of a contract creditor of the trustee, and consequently the probate court, and the district court on appeal from the probate court, had jurisdiction to adjudicate the claim. (*O'Neil v. Epting*, 82 Kan. 245, 108 Pac. 107.)

The judgment of the district court is affirmed.