### Decatur Creamery Company, Appellant, v. The West Side Trust and Savings Bank, Appellee.

### Gen. No. 24,092.

BANKS AND BANKING, § 85*—*when special deposit created which is binding on bank.* A special deposit, with directions to apply same in payment of two checks, is created, which the bank, in accepting, is in duty bound to obey, where, upon presentation of such checks and discovery of insufficient funds to pay both, it is expressly agreed between the bank and depositor that if she will deposit a sufficient amount to meet said checks before one o'clock of the day of presentation the balance then on deposit, together with the additional deposit, will be applied to pay such checks, and such special deposit includes not only the amount deposited pursuant to the agreement on such day, but also the balance already on deposit.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and judgment here. Opinion filed February 11, 1919. Rehearing denied February 26, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Benjamin F. J. Odell, for appellant.

M. W. Borders and Norman G. Collins, for appellee.

Mr. Presiding Justice McDonald delivered the opinion of the court.

By this appeal it is sought to reverse a judgment in favor of defendant, the West Side Trust and Savings Bank, in an action brought against it for its failure to pay certain checks in favor of plaintiff.

Plaintiff operated a creamery at Decatur, Michigan. One Mrs. H. Rosenthal, a Chicago commission merchant, doing business under the style of H. Rosenthal Commission Merchant, purchased goods from plaintiff, and in payment thereof gave her checks drawn on the defendant bank.

On the morning of May 11, 1917, two checks drawn by the said Mrs. Rosenthal in favor of plaintiff—one for $824.56 and the other for $887.03—were presented to the defendant bank for payment, through the clearing house. At this time the said Mrs. Rosenthal had on deposit in the defendant bank only $902.94. The defendant bank immediately communicated with the said Mrs. Rosenthal and informed her that she had insufficient funds on deposit to meet the two checks in question and stated that they would hold the said checks until one o'clock p. m. that day to afford her an opportunity to deposit sufficient funds to meet them. Accordingly she, through her agent, agreed to make the required deposit, and before the hour designated did deposit the sum of $1,052.89, which amount, together with the said balance of $902.94 already on deposit, was ample to enable the defendant to pay the two said checks in favor of plaintiff.

On the day in question, the said Mrs. Rosenthal was indebted to the defendant bank in the sum of $5,000, which said indebtedness was evidenced by her three promissory notes, none of which had at that time matured.

Immediately after the aforesaid deposit of $1,052.89 was made, the defendant applied same, together with the $902.94 already on deposit, on her said notes, and refused to honor the said two checks in favor of plaintiff, which then went to protest.

Plaintiff's statement of claim consisted of the common counts and two special counts, the second of which was in part as follows: "That defendant though well knowing that said money was placed on deposit for the sole purpose of paying said checks, wrongfully appropriated said moneys of its depositor and refused to honor plaintiff's checks, and which checks were then and there protested for nonpayment and returned to plaintiff," etc.

Our Negotiable Instruments Act (J. & A. ¶ 7828) provides that a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies it in writing. The checks in question had not been so accepted or certified by the defendant bank, and, because of this fact, the court found for the defendant.

Without detailing the evidence, we deem it sufficient to say that it clearly shows that when the two checks in question were presented to the defendant bank and it was discovered that Mrs. Rosenthal had insufficient funds on deposit to meet them, it was expressly agreed between the bank and Mrs. Rosenthal that if she would deposit a sufficient amount to meet the said checks before one o'clock that day, the balance then on deposit, together with such additional deposit, would be applied in payment of them. This is substantially in accord with the finding of facts made by the trial court.

This, therefore, constituted a special deposit with directions to apply same in payment of the checks in question, which the bank, in accepting same, was in duty bound to obey. Morse on Banks and Banking (5th Ed.), sec. 208, vol. 1, p. 439; *Eshbach v. Byers,*

164 Ill. App. 449; *Marsh v. First State Bank & Trust Co. of Canton,* 185 Ill. App. 29, in each of which cases the Supreme Court denied a *certiorari.* And what we have just stated applies with equal force to the balance of $902.94 already on deposit when the said two checks were presented to defendant for payment, for the defendant by its express agreement made that a special deposit for a like purpose also. Clearly, therefore, under the evidence in this case, defendant had no legal right to appropriate the said fund in part payment of Mrs. Rosenthal's indebtedness, irrespective of the question whether such indebtedness was then due or not.

Accordingly, the judgment of the Municipal Court will be reversed and judgment entered here for $1,891.30, this being the amount of the two said checks, with interest at the rate of 6 per cent from the date of presentation for payment to the date of the filing of this opinion.

*Reversed and judgment here.*