(No. 4966. July 10, 1928.)

PACIFIC STATES SAVINGS AND LOAN COMPANY, a Corporation, Respondent, v. COMMERCIAL STATE BANK, a Corporation, and E. W. PORTER, Commissioner, Appellants.

[269 Pac. 86.]

Stephan & North, for Appellants.

C. W. Thomas, for Respondent.

GIVENS, J.— Respondent brought action against the Commercial State Bank, insolvent, and the state commissioner of finance in charge thereof, to compel classification of a claim against the bank as a trust fund under 1921 Sess. Laws, chap. 42, sec. 13, subd. 2, instead of classification as a general deposit under subd. 3.

Respondent was engaged in loaning money on city property in Burley and was represented in 1921 by the Title Abstract Company of Burley, which acted as its agent in making collections of money and checks and depositing them in the bank. On or about July 15, 1921, the abstract company and the bank entered into the following agreement:

"To Commercial State Bank:

"This is to certify that the account in your Bank carried in the name of the Pacific States Savings and Loan Company of San Francisco, Title Abstract Company, Trustee, is a collection account, being the amount collected by us for the above named Company, and is the property of said Company.

"That said sum will be checked out by us in full on or before the 20th of each month.

"That all money so placed with your bank is for safe-keeping only—shall not be considered as entitling us or the Pacific States Savings and Loan Company to any commercial credit.

"Furthermore, in case of our absence or inability to act, you are authorized and instructed to forward to the Pacific States Savings and Loan Company, 550 California street, San Francisco, California, on the 23rd of each month, or at any other time on their written request, any balance stand-

ing to the credit of this account, less one per cent (1%) collection charges.

 "(Signed) TITLE ABSTRACT COMPANY,
"Trustee for Pacific States Savings and Loan Company.
 "By E. C. DAVIS.
 "Approved this 15th day of July, 1921.
 "COMMERCIAL STATE BANK.
 "By M. A. ROSS,
 "Cashier."

At the time the bank closed there was a balance in the deposit of $396.37. The individual ledger sheet shows that the account was opened August 10, 1921, under the name, "Title Abstract Company, Trustee for Pacific States Savings and Loan Company," with a balance of $252.92. Other deposits were made from time to time and all, or within a few cents of each month's deposit, remitted monthly by check drawn by the Title Abstract Company to the Pacific States Savings and Loan Company.

The bank collected all checks deposited. The withdrawal checks were drawn by the abstract company, payable to respondent and forwarded to it by the abstract company. A one per cent collection charge was paid to the abstract company but the bank did not receive any compensation for handling the account. When money was deposited, it was not set aside as a special deposit, but the funds were mingled with the general funds of the bank. At the time remittances were made to respondent, the specific money deposited was not forwarded, nor was any demand made upon the bank to do so. The cash in the bank, at all times during its existence, and at the time of its suspension, was largely in excess of respondent's balance.

The trial court found for the respondent and ordered the claim classified as a trust fund.

The Title Abstract Company, in making the deposits, was acting as agent for the respondent, the Pacific States Savings and Loan Company. The transaction, in effect, involved simply the transfer of funds from the local office of the Pacific States Company to its main office in California.

The Pacific States Company, through an agent, deposited the funds and the Pacific States Company withdrew them.

It is quite clear from the agreement of the parties that no special deposit was intended and the record establishes that no such deposit, in fact, was effected. The identical money deposited was not kept separate from the general funds of the bank but was freely commingled. An agreement to accept funds for "safekeeping" is not sufficient to stamp them as a special deposit. In *Mississippi Central R. R. v. Conner*, 114 Miss. 63, 75 So. 57, a case very similar to the case at bar, it was held that deposits by an agent for safekeeping to be regularly remitted to the principal were not to be classified as special deposits or entitled to preference as a trust fund.

It is urged, however, that the deposit was for a specific purpose and hence should receive preference as a trust fund. The essential characteristics of a trust are the separation of the legal from the beneficial interest and the existence of a fiduciary relationship. We fail to find either in this instance.

When the Pacific States Company deposited its funds in appellant bank for the purpose of safekeeping and immediate withdrawal, to be remitted to itself in California, it became a general depositor, and a simple creditor of the bank. It may be said that all funds are deposited in banks for a specific purpose, namely, to be kept safely and eventually withdrawn. But this is not sufficient to impress on them the character of a trust. Title to funds so deposited passes to the bank and that title draws with it the legal and equitable ownership of them. It was so in this case.

Nor was there here a fiduciary relationship. We have been cited to a large number of cases in which deposits were made in a bank for the benefit of some third party, the bank being placed under a duty to carry out the instructions of the depositor. In such cases, all the elements of a typical trust relationship were present. Present also were the reasons for declaring a trust, namely, the fiduciary relationship, and the desire of the law to prevent a fraud on

an innocent beneficiary. But no such reason is evident, and no such relationship exists where the entire transaction is between two parties—the bank and the depositor. There is authority that under such circumstances a simple relationship of debtor and creditor is established. (*People v. California Safe Deposit & Trust Co.*, 23 Cal. App. 199, 137 Pac. 1111, 1115.) The opinion in that case points out the distinction between those cases where the deposit is made for the benefit of some specified third person and where it is simply for the benefit of the depositor himself. (See, also, *Kershaw v. Snowden*, 36 Ohio St. 181.)

The judgment is reversed. Costs to appellants.

Wm. E. Lee, C. J., and Taylor, J., concur.

T. Bailey Lee, J., disqualified.

BUDGE, J., Dissenting.—In banking circles a deposit for a special, or specific, purpose is as well recognized as a general or special deposit. Whether a deposit is general, special or for a special purpose depends upon the agreement of the parties to the deposit. (*Northern Sugar Corp. v. Thompson*, 13 Fed. (2d) 829; *Stephens v. Chehalis Nat. Bank*, 82 Wash. 254, 141 Pac. 340.)

The contract entered into between the Title Abstract Company, trustee for the Pacific States Savings & Loan Company, and the Commercial State Bank, on July 15, 1921, controls the character of the deposits made thereunder. It is perfectly clear that the deposits were to be made for a specific purpose, namely, to be remitted on or before the 20th of each month by the Title Abstract Company; and in case of the absence or inability of said company to act, the Commercial State Bank was authorized and instructed to forward to the Pacific States Savings & Loan Company, on the 23d of each month, the amount on deposit. It was further stipulated in the contract that any amount deposited to the credit of the Title Abstract Company for the Pacific States Savings & Loan Company should be for-

warded to said company on its written request. The contract also stipulated that the money deposited in this account was the property of the Pacific States Savings & Loan Company, and was placed in the Commercial State Bank for safekeeping only. The money so deposited was, under the agreement, the property of the Pacific States Savings & Loan Company, title to the money remaining at all times in the Pacific States Savings & Loan Company. To hold otherwise is to defeat the positive terms of the contract and to set at naught the intention of the parties, making for them a contract different from the one entered into. Contracts should not thus be swept away or held for naught, but should be enforced as written, and the intention of the parties carried out.

The parties to the contract did not consent to a commingling of the funds deposited with the funds of the bank, but even if there was a commingling, and sufficient funds were in the bank at the time of its closing for insolvency to cover the amount on deposit in this particular account, which is not disputed, they constituted a trust fund. The character of the deposit is clearly specified in the contract, and, as was said in *Northern Sugar Corp. v. Thompson, supra*:

"Where the depositor, at the time a deposit is made, enters into an understanding and agreement with the bank that the money deposited is for a specific purpose, and for that alone, . . . . such deposit partakes of the nature of a special deposit, the relation between the depositor and the bank is that of principal and agent, and the title to the deposit remains in the depositor. *Fralick v. Coeur d'Alene Bank & Trust Co.*, 36 Ida. 108, 210 Pac. 586, 588; *Morton v. Woolery et al.*, 48 N. D. 1132, 24 A. L. R. 1107, 189 N. W. 232; *First National Bank of Ashland v. Prickett*, 19 Ala. App. 204, 95 So. 920; *Eshbach v. Byers*, 164 Ill. App. 449; *Sawyers v. Conner*, 114 Miss. 363, Ann. Cas. 1918B, 388, 75 So. 131, L. R. A. 1918A, 61; *Payne et al. v. Burnett et al.*, 151 Tenn. 496, 39 A. L. R. 1125, 269 S. W. 27; *Cottulla State Bank v. Herron* (Tex. Civ. App.), 191 S. W. 154; *Decatur Creamery Co. v. West Side Trust & Savings*

*Bank,* 213 Ill. App. 220; *Paige v. Springfield Nat. Bank,* 12 Ohio App. 196; *Moreland v. Brown,* 86 Fed. 257, 30 C. C. A. 23; *Montagu et al. v. Pacific Bank et al.* (C. C.), 81 Fed. 602; notes, 24 A. L. R. 1111, and 39 A. L. R. 1138; 7 C. J., p. 631, sec. 307; Morse, Banks & Banking, vol. 1, sec. 185.''

In *Skinner v. Porter,* 45 Ida. 530, 263 Pac. 993, it is said in the course of the opinion:

''The essential thing to be noted is that this money was delivered to the Bank of Hansen for a specific purpose; that is, to be turned over to the Kuna State Bank. Because that purpose was not carried out equity, in order to prevent a fraud, will give rise to a constructive trust in favor of the original owner of the money or the *cestui que trust.''* (Citing cases.)

The Commercial State Bank merely assumed charge or custody of the money, without authority to use it, the Pacific States Savings & Loan Company being at all times entitled to receive it on demand or upon check issued by its agent, the Title Abstract Company, or to have the money remitted to it by the Commercial State Bank.

It is a general rule that where a deposit is made in a bank with the distinct understanding that it is to be held by the bank for the purpose of furthering a transaction between the depositor and a third person, or where it is made under such circumstances as give rise to a necessary implication that it is made for such purpose, the deposit becomes impressed with a trust which entitles the depositor to a preference over the general creditors of the bank where it becomes insolvent while holding the deposit. This is true where money is deposited in a bank for transmission to a third person. (*Montagu v. Pacific Bank,* 81 Fed. 602; *Stoller v. Coates,* 88 Mo. 514; *Harrison v. Smith,* 83 Mo. 210, 53 Am. Rep. 571; *Widman v. Kellogg,* 22 N. D. 396, 133 N. W. 1020, 39 L. R. A., N. S., 563; *St. Louis v. Johnson,* 5 Dill. 241, Fed. Cas. No. 12,235; *Moreland v. Brown,* 56 U. S. App. 722, 86 Fed. 257, 30 C. C. A. 23; *Ryan v. Phillips,* 3 Kan. App. 704, 44 Pac. 909; *Re Jarmulowsky,*

169 C. C. A. 297, 258 Fed. 231; *People v. California Safe Deposit & T. Co.*, 23 Cal. App. 199, 137 Pac. 1111; *Hudspeth v. Union Trust & Savings Bank*, 196 Iowa, 706, 31 A. L. R. 466, 195 N. W. 378; *Chapman v. Sipe Springs First Nat. Bank* (Tex. Civ. App.), 275 S. W. 498; *Blummer v. Scandinavian American State Bank*, 169 Minn. 89, 210 N. W. 865; *Farmers' Trust Co. v. Burnes Nat. Bank* (Mo. App.), 285 S. W. 110; *Mothersead v. Harrington*, 123 Okl. 179, 250 Pac. 483; see, also, *State v. Banking Corp.*, 77 Mont. 134, 251 Pac. 151.)

I can see no justification for setting aside the contract of the parties and in reversing the judgment of the trial court.