## KNAPP & CO. v. COWELL.

**Banks and Banking**: APPLICATION OF DEPOSIT ON NOTE OF DEPOSITOR : INSTRUCTION. Plaintiffs, who were bankers, sued defendant, a depositor, for an amount alleged to be due on an overdraft, and they alleged, among other things, that they applied a portion of defendant's deposit, at his request, in payment of a balance due on his note held by them. On this issue the court so instructed the jury that they would infer that plaintiffs had no right to apply the deposit on the note unless defendant had so requested it, as alleged in plaintiffs' petition. *Held* error, because they had such right without any request on his part, and the allegation of a request was superfluous and not necessary to be proved.

*Appeal from Franklin District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 18, 1889.

THE plaintiffs are bankers, and they brought this action to recover of the defendant, who deposited money in their bank, an amount claimed to be due on an overdraft. The defendant denied that he at any time received from the plaintiffs more than he had deposited, and claims that the plaintiffs did not pay to him the full amount of his deposits, and he claimed a judgment against the plaintiffs. There was a trial by jury which resulted in a verdict and judgment for the defendant. Plaintiffs appeal.

*Hemenway & Grundy*, for appellants.

*J. W. Lake*, for appellee.

ROTHROCK, J.—It is conceded that the defendant deposited with the plaintiffs the sum of one thousand dollars on the thirty-first day of May, 1881. The defendant claimed that he made a further deposit of two hundred dollars with the plaintiffs on the twenty-second day of November, 1880. This is denied by the

plaintiffs. If the claim of the defendant is correct, the aggregate amount of the deposits was twelve hundred dollars. It appears that, before any deposit was made by the defendant, the plaintiffs held his promissory note for several hundred dollars; and the plaintiffs aver that, of the one thousand dollars deposited, the plaintiffs, at the request of the defendant, applied of the deposit the sum of $177.75 as a balance due on his note. The defendant denied that he made any such request, and averred that, if any such sum was applied on said note, it was wrongful and without the consent of the defendant.

There were but two questions submitted to the jury —*First*, whether the defendant deposited with the plaintiff the sum of two hundred dollars on or about the twenty-second of November, 1880; and, *second*, did the plaintiffs, at the request and by the direction of the defendant, apply $177.75 of his deposit in payment of the balance due on his note? If the two-hundred dollar deposit was made, the plaintiffs are indebted to defendant in the sum of $106.80. If it was not made, the defendant is indebted to plaintiffs in the sum of $93.20, and interest. The court among other instructions charged the jury as follows: "(7) I hand you three forms of verdict. If you find plaintiffs entitled to recover of defendant, you will determine the amount, including interest, and insert the same in the first form of verdict. If you find that plaintiffs are not entitled to recover, but that defendant is entitled to recover of plaintiffs on his counter-claim, you will insert amount in second form of verdict. And if you find that plaintiffs are not entitled to recover, and defendant is not entitled to recover anything on his counter-claim, then your verdict should be for the defendant, and you should use the third form of verdict, which contains no blank,—is for defendant simply : 'No. 1. We, the jury, find for the plaintiffs, and assess their recovery at $———.' 'No. 2. We, the jury, find for the defendant, and assess his recovery at $———.' 'No. 3. We, the jury, find for the defendant.' " The jury returned the third form of

verdict. This was a finding that the defendant was not entitled to recover on his counter-claim, and that he did not deposit the two-hundred dollar item. It was also a finding that the plaintiffs did not, at the request and by the direction of defendant, apply $177.75 in payment of the balance due on the note.

Upon the question as to the application of the money to the payment of the note the jury were instructed as follows: "If you find from the evidence that defendant, at the time he deposited the thousand dollars, was owing plaintiffs a balance of $177.75 on the note mentioned, and requested or directed plaintiffs to apply said amount on said note and charge to his account; and, also, that plaintiffs did so apply said sum, and defendant has thereby received to his use a larger amount than he had deposited, which sum is still due and owing,—plaintiffs are entitled to recover such amount, with interest at six per cent. from June 4, 1883. But, if you find that plaintiffs have failed to establish such a state of facts, they are not entitled to recover; and your verdict should be for defendant."

This instruction, and others of like import, are claimed to be erroneous, because the court did not define what state of facts would amount to a request and direction to apply the money to the payment of the balance due on the note. We think that, under the facts of the case, the instructions should have been more explicit upon this question. It was wholly immaterial whether there was an express request or direction to so apply the money. It is true the plaintiffs, by their petition, averred a request, and the court, in the instructions, followed the petition. But a party is not required to prove the unnecessary averments of a pleading. All that is required is proof sufficient to establish the cause of action or defense; and it was wholly immaterial whether the defendant expressly requested the application or not. If the defendant was indebted to the plaintiffs on the note, and plaintiffs applied one debt in liquidation of the other, the defendant has no right to complain and repudiate the application of the money because

he did not request it. There is nothing mysterious about a bank account. It is subject to the rules applying to debtor and creditor the same as any other account; and we think that the instruction as to this third form of verdict—which the jury adopted—was not proper in this case. The theory upon which the verdict is founded is that the two hundred dollars were not deposited, and that the plaintiffs were not entitled to recover, not because the $177.75 was not applied on the note, but that it was not so applied at the express request and direction of the defendant.      REVERSED.