## VERMONT LOAN & TRUST CO. v. FIRST NATIONAL BANK OF CHEYENNE, ET AL.*
### (No. 1352; November 1, 1927; 260 Pac. 534)

BANKS AND BANKING—CASH COLLECTION—PREFERENCE—INSOLVENCY OF BANK—BANK HOLDING CASH WARRANT FOR COLLECTION IS AGENT OF OWNER—RECEIVERS—ASSETS AVAILABLE FOR PREFERRED CLAIM.

1. Bank's taking check on itself in collecting a cash warrant on state *held* equivalent to collection of money as regards right of owner of check to preference on insolvency of bank before check was paid, where bank was authorized to collect warrant in money only and there was sufficient money in state treasurer's account in the bank when check was taken to cover it.

2. While bank held cash warrant for collection it was the agent of the owner.

3. Where bank held cash warrant for collection, the relation of agent and principal existing between it and the owner of the warrant continued after collection had been made.

4. In action against insolvent bank and its receiver, where it was shown that bank had collected plaintiff's cash warrant on the state by taking the state treasurer's check on itself and had become insolvent before plaintiff received payment, and where there had been sufficient funds of the state treasurer in the bank to pay the check when it had been taken, plaintiff *held* entitled to preference.

5. As respects priorities, when money of the principal is retained by the agent and passes with the agent's moneys into the hands of the agent's receiver, the assets in the receiver's hands to which general creditors are entitled have been increased.

*See Headnotes: (1) 7 C. J. p. 751 n. 77 New; (2, 3) 7 C. J. p. 597 n. 32; p. 599 n. 27 New; (4, 5) 7 C. J. p. 751 n. 77 New; p. 752 n. 81.

Appeal from District Court, Laramie County; William A. Riner, Judge.

Action by the Vermont Loan & Trust Company against the First National Bank of Cheyenne and another. Judgment for plaintiff, and defendants appeal.

*Thomas Hunter,* for appellants.

Plaintiff's evidence failed to establish a trust as to the fund in controversy; the payment was by check upon an insolvent bank and the cases of Foster v. Rincker, 4 Wyo. 484 and Lusk Co. v. Ginther, (Wyo.) 232 Pac. 516, would not seem to be in point. We believe that appellants' contentions are supported by the following cases from this jurisdiction: Richardson v. Co., 102 Fed. 785; Empire Co. v. Carroll Co., 194 Fed. 593; Clark, et al. v. Bank, 230 Fed. 738; American Can Co. v. Williams, 176 Fed. 817; Bank v. Centralia, 240 Fed. 92; Brewing Co. v. Clayton, 56 Fed. 759; Bank v. Armstrong, 36 Fed. 684; Beard v. School District, 88 Fed. 675; Nyssa Drainage Dist. v. Bank, 3 Fed. (2nd Ser.) 648. The recent cases of Zimmerle v. Bank, 191 Pac. 788, Hecker etc. Co. v. Trust Co., 136 N. E. 33, and Commonwealth v. Bank, 64 Atl. 923 are also in point. The claimant not having shown that the transaction increased the assets of the bank available to creditors, is not entitled to preference.

*Kinkead, Ellery & Henderson,* for respondent.

The proceeds of the warrant augmented the assets of the receivership. Lusk Co. v. Ginther, (Wyo.) 232 Pac. 518; Foster v. Rincker, 4 Wyo. 484; Hawaiian Co. v. Browne, (Mont.) 220 Pac. 1114. Defendant bank is estopped from denying that it received cash in making the collection, Bank v. Malloy, 68 L. Ed. 617, 264 U. S. 160; Jensen v. Meat Co., (Mont.) 230 Pac. 1081; Bank v. Bank, 187 S. W. 673. The bank was the agent of the owner of the warrant and its receiver stands in its shoes. Rankin v. Bank, 52 L. Ed. 610; Cutler v. Frye, 240 Fed. 238; Smith

on Receivers, Vol. 2, Section 453; Goodyear Co. v. Bank, (Kans.) 204 Pac. 992; Kesl v. Bank, (Kans.) 204 Pac. 994; Bank v. Peters, (Va.) 123 S. E. 379. The receivership assets were augmented by the transaction, Insurance Co. v. Mather, 118 Ill. App. 491; N. C. Corp. v. Bank, 50 S. E. 308; Bank v. Glanton, 92 S. E. 625; Bank v. Bank, (Ark.) 187 S. W. 673; Bank v. Millspaugh, (Mo.) 275 S. W. 583. Credit given for a check is equivalent to payment of the check in cash. Patterson v. Bank, (Nebr.) 102 N. W. 765; Shaffer v. Olson, (N. D.) 139 N. W. 983; Mortgage Co. v. Tibbals, (Ia.) 19 N. W. 319; Hare v. Bailey, (Minn.) 76 N. W. 213; Howard v. Walker, (Tenn.) 21 S. W. 897. A review of the cases cited by appellant indicate that the facts in each of them created the relation of debtor and creditor as between the owner and the bank; payment by the state treasurer of the warrant by delivering a check against his account in defendant bank, and the charging of the amount against his account, constituted the payment of the warrant in cash. This principle is supported by the overwhelming weight of authority. The acceptance by the bank of a check drawn on itself in payment of a collection item is in law and in fact a collection by the bank of cash. Wagner v. Spaeth, (Wyo.) 245 Pac. 123. The relation of principal and agent existing between a bank and the owner of a collection item does not shift to a relation of debtor and creditor, upon the bank's collecting the item. Macey v. Roedenbeck, 227 Fed. 346 (8th Cir.).

KIMBALL, Justice.

The plaintiff, Vermont Loan and Trust Company, of Spokane, Washington, having a claim in the sum of $4698 against the defendant, the insolvent First National Bank of Cheyenne, obtained in this action a judgment for the amount, which was declared to be a preferred claim en-

titled to payment ahead of claims of the general creditors. The defendant bank and its receiver have appealed.

The only contested point was the right to a preference. The case was heard on an agreed statement of facts. The plaintiff was the owner and holder of a cash warrant of the State of Wyoming in the sum of $4698, payable to plaintiff. About the first of July, 1924, plaintiff placed the warrant in the hands of the Old National Bank of Spokane for collection. By that bank the warrant was sent to the Spokane Branch of the Federal Reserve Bank which in turn sent it to the Omaha Branch of the Federal Reserve Bank by whom it was received July 5, 1924. The Omaha Branch of the Federal Reserve Bank, on July 6, 1924, sent the warrant for collection to the defendant bank, after endorsing it thus:

"Pay to the order of any bank or banker for collection and remittance. All prior endorsements guaranteed.
July 5, 1924.
Omaha Branch Federal Reserve Bank of Kansas City."

The warrant was received by the defendant bank July 7, 1924. On the same day the State Treasurer, whose duty it was to pay the warrant, did so by giving his check on the defendant bank with whom he had on deposit more than sufficient funds to make the payment. The check was charged against the State Treasurer's account, and for the amount so collected the defendant bank then, on the same day, issued and transmitted to the Omaha Branch of the Federal Reserve Bank a draft drawn on the Omaha National Bank. The draft was received by the Omaha Branch of the Federal Reserve Bank on the afternoon or evening of July 8, and presented for payment the following day. Before its presentation, payment thereof had been stopped by a National Bank Examiner who, on July 9, had taken charge of the defendant bank which was then insolvent and soon passed into the hands of the receiver. When the State Treasurer gave his check in payment of the warrant,.

and at all times thereafter, the amount of money in the vaults of the defendant bank and taken over by the receiver, was greatly in excess of the amount of the plaintiff's claim.

It is conceded that, under the law in this state as announced in Foster v. Rincker, 4 Wyo. 484, 35 Pac. 470, followed in Lusk Development and Improvement Co. v. Ginther, 32 Wyo. 294, 232 Pac. 518, if the State Treasurer had handed to the defendant bank the actual cash in payment of the warrant, the bank then would have held the collected moneys as a trust fund although they were immediately mingled with moneys belonging to the bank. And it is further conceded that, if the warrant had been so collected, the facts stipulated are sufficient, under the principles announced in State v. Foster, 5 Wyo. 199, 38 Pac. 926, 29 L. R. A. 226, and Lusk Development & Imp. Co. v. Ginther, supra, to prove that the trust fund has come into the possession of the receiver, and it would follow that plaintiff's claim should have preference over the claims of general creditors.

We are not asked to overrule the foregoing cases, and the principles which they announce must be considered as settled in this jurisdiction. It is contended, however, that those principles are not applicable to a case where the collection is made by a check on the collecting bank.

It is further conceded, as we understand, both by counsel for the receiver and by some of the authorities on which he relies, that, if the State Treasurer had demanded the cash for his check and on receiving the cash had immediately returned it to the bank in payment of the warrant, the bank then, under the above cited cases, would have held the money as a trust fund, which, being traced into the hands of the receiver, could be recovered as a preferred claim. As the money to meet the State Treasurer's check was in the vaults of the bank when the check was presented, we must assume that the State Treasurer might

have taken the money out and paid the warrant in cash. The bank was authorized to collect the warrant in money only, and the transactions of July 7, 1924, were in legal effect a collection of the money. Wagner v. Spaeth, (Wyo.) 254 Pac. 123; American National Bank v. Miller, 229 U. S. 517, 33 S. Ct. 883, 57 L. Ed. 1310.

While the defendant bank held the warrant there can be no doubt that the relation between the bank and the plaintiff was that of agent and principal. That relation, under the law in this jurisdiction, would continue after the collection was made, and the collected moneys were just as much the property of the principal as the warrant itself was. Foster v. Rincker, 4 Wyo. at p. 491, 35 Pac. 471. We are asked to hold that this rule fails of application here because the State Treasurer did not go through the formality of having the money passed over the counter to him and then passing it back.

There are many cases holding that the relation of principal and agent existing between the owner and the collecting bank is changed to that of debtor and creditor when the money is collected. In most of these cases the note was sent for ''collection and credit,'' or with the understanding that the proceeds were to be retained and used for a time by the collecting bank. Such cases are not opposed to the views of this court, as heretofore expressed.

There are other cases holding to the general proposition that the bank, upon receipt of the money due its principal becomes a debtor instead of a fiduciary. From the fact that the collection is sent to a bank it is presumed or inferred that the owner has consented that the bank may use the money. For discussion and citation of cases supporting this view, see Scott's Cases on Trusts (1919) note, p. 63 *et seq.;* 21 Columbia Law Rev. 507, 514; note, 86 Am. St. Rep. 786; Hecker-Jones-Jewell Mill. Co. v. Cosmopolitan Trust Co., 242 Mass. 181, 136 N. E. 333, 24 A. L. R. 1148. The reasoning seems to be that the owner who sends

a collection to a bank must know that he will not receive the specific money collected; he impliedly consents to the mingling of the collected moneys with the bank's moneys; when they are mingled, his fund, the collected money, as a trust *res*, is lost, and instead of a claim as the owner of a fund, he has only a claim as a general creditor. This seems to us to be the only line of reasoning that would justify a rule opposed to Foster v. Rincker, supra. In jurisdictions where it is held generally that a collecting bank becomes a mere debtor for the moneys collected, it would seem to be immaterial whether the collection was made by payment of the actual money or by a check on the collecting bank. When, in Hecker-Jones-Jewell Mill. Co. v. Cosmopolitan Trust Co., supra, and Union National Bank v. Citizens Bank, 153 Ind. 44, 54 N. E. 97, a point is made of the fact that the collecting bank did not receive the proceeds in actual cash, we cannot believe that the courts rendering the decisions intended to be understood as holding that the manner of making the collection was a material circumstance. In Sayles v. Cox, 95 Tenn. 579, 32 S. W. 626, 32 L. R. A. 715; North Carolina Corp. Com. v. Merchants & F. Bank, 137 N. C. 697, 50 S. E. 308, and United States Nat. Bank v. Glanton, 146 Ga. 785, 92 S. E. 625, L. R. A. 1917F 600, it was held that the collecting bank became a debtor for the money collected, but in each case it was made clear that the decision was not at all based on the fact that the money was paid by a check on the collecting bank.

In cases from other jurisdictions where, as in this state, it is held that the relation of principal and agent is not changed to that of debtor and creditor by the collection of the money, it is also held to be immaterial whether the money is received in cash or by check as in the case at bar. State Nat. Bank v. First Nat. Bank, 124 Ark. 531, 187 S. W. 673; Hawaiian Pineapple Co. v. Browne, 69 Mont. 140, 220 Pac. 1114; Messenger v. Bank, 193 Ia. 608,

187 N. W. 545; Federal Reserve Bank v. Peters, 139 Va. 45, 123 S. E. 379, 42 A. L. R. 742; People v. Bank, 96 N. Y. 32; Insurance Co. v. Mather, 118 Ill. App. 491; Bank of Poplar Bluffs v. Millspaugh, (Mo. App.) 275 S. W. 579, s. c. aff'd by Sup. Ct., 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754.

To the same effect is Goodyear Tire & Rubber Co. v. Hanover State Bank, 109 Kan. 772, 204 Pac. 992, 21 A. L. R. 677. It may be that the authority of this case on some matters has become doubtful by what is said in Chetopa State Bank v. Farmers & M. Bank, 114 Kan. 463, 218 Pac. 1000, but it does not appear that the earlier case is questioned on the point now before us.

We now come to the Federal cases chiefly relied on by defendants. We shall not list all the cited cases, but those only that seem to us to be particularly in point. Other earlier cases will be found in the opinions in the cases listed. Larabee Flour Mills v. Bank, 13 Fed. (2d) 330; Nyssa-Arcadia Drainage Dist. v. Bank, 3 Fed. (2d) 648; American Can Co. v. Williams, 176 Fed. 817, s. c. on appeal, 178 Fed. 420; Beard v. Independent School Dist., 88 Fed. 375.

These cases seem to hold or assume that the relation of principal and agent between the parties continues after the receipt by the agent of the proceeds of the collection if received in cash, but hold that the relation becomes that of debtor and creditor if the bank receives payment by a check on itself. We are not cited to any decision of the United States Supreme Court approving the reasons for such a distinction, and from the dissenting opinion in Larabee Flour Mills v. Bank, supra, it appears that those reasons are not always accepted without question in the other Federal courts.

The usual argument to support the rule of these cases is that the payment by check on the collecting bank does not increase the assets of the bank, but is a mere matter of bookkeeping, a mere shifting of liability.

When the State Treasurer paid the warrant to the defendant bank by giving his check, we think the relation between the plaintiff and the bank continued to be the same as it would have been if the State Treasurer had gone through the formality of paying the warrant in cash after drawing out the money called for by the check. If the money to meet the check had not then been in the bank, or if the transaction had been one by which the money of one depositor was placed to the credit of another depositor, then it truly might be said that there had been simply a shifting of liability. But here money owing by the bank to a depositor was appropriated to the payment of an obligation held by the bank as agent for collection and remittance. Wagner v. Spaeth, (Wyo.) 254 Pac. 123. Before the transaction, the bank held the money with the right to use it and with the duty to pay it to the depositor on demand; after the transaction, the bank held the proceeds of the collection as agent, with the sole duty to remit it to the principal. While it cannot be said that the actual money in the bank has been increased by the transaction, there is a difference in the capacity in which the money is held, and when money of the principal is retained by the agent and passes with the agent's moneys into the hands of the agent's receiver, it may then be said that the assets in the hands of the receiver, to which the general creditors are entitled, have been increased.

If, in this case, following our previous decisions, we are right in holding that the relation of principal and agent continued after the collection of the warrant, there would in our opinion be no good reason for following a rule that would lead to a different result because of the manner in which the warrant was paid.

The judgment of the district court will be affirmed.

*Affirmed.*

BLUME, Ch. J., and POTTER, J., concur.