BRIAR HOLDING COMPANY, *Appellant,* vs. PALM BEACH BANK & TRUST COMPANY, and OREL J. MYERS, as Receiver of Palm Beach Bank & Trust Company, *Appellees.*

136 So. 341.

Division B.

Opinion filed August 7, 1931.

*A. L. Rankin,* of West Palm Beach, for Appellant;

*Blackwell, Donnell* and *Moore,* of West Palm Beach, for Appellees.

PER CURIAM.—In this case the Court below allowed a preference in full in favor of appellant against appellee, the liquidator of the defunct Palm Beach Bank & Trust Company.

It was provided, however, by the decree of the Circuit Judge that such preference should be limited to the cash in vault at the time the bank closed and that such cash in the vault should be apportioned among appellant and others entitled to preference in payment from such cash.

It was further held that cash items, and balances due from the other banks, while, to some extent, good solvent credits, nevertheless under the record in this case, could not be considered as cash in vault or cash on hand for the purpose of affecting the preference allowed in this case which upheld the contention of complainant in the Court below that certain sums of money paid in to Palm Beach Bank & Trust Company, as trustee, by the beneficiaries of a

trust, for the express purpose only of paying the costs and expense of such trust and of certain obligations and debts, were so accepted by the bank as trust funds and were therefore entitled to preferential payment. The decree of the Circuit Court so limiting the application of its decree to participation by appellant *pro rata* with others equally entitled to preferential payments from the cash on hand in the vaults of the bank at the time it closed was correct and should be affirmed on the authority of Meyers v. Matusek, 98 Fla. 1126, 125 So. 360; Bryan v. Coconut Grove Bank & Trust Co., 134 So. 229, 101 Fla. 965; Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 So. 600.

The costs of this appeal in the Supreme Court, however, are imposed upon the appellee who failed to comply, or attempt to comply, with Amended Rule 20 of this Court in the filing of his briefs. Such rule applies to appellees as well as to appellants. A violation of it when no correction of briefs is seasonably applied for or made will result in a dismissal of the appeal when the violation is by appellant and in the imposition of cost on appellee or the striking of appellee's briefs, when the violation is by appellee.

In this case the brief of appellant substantially complies with the Rule referred to, while that of appellee appears to have been prepared in accordance with rule as it existed before it was amended to take effect January 13, 1931. Both briefs were filed here after the effective date of the Amended Rule, and should have been prepared and filed in accordance with it.

The decree of the Court below is affirmed and the costs of this appeal in the Supreme Court are imposed upon appellee for violation of Amended Rule 20 with regard to the form of brief required to be filed by appellees on appeals to this Court.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.