## HAYS COMPANY v. A. E. WILDE, STATE EXAMINER

(No. 1853; June 19, 1934; 33 Pac. (2d) 395)

For the appellant, the cause was submitted upon the brief of *G. H. Paul,* of Riverton, and *G. J. Christie,* of Lander.

The cause was submitted for respondent upon the brief of *Ray E. Lee,* Attorney General; *O. O. Natwick,* Deputy Attorney General, and *William C. Snow,* Assistant Attorney General, all of Cheyenne.

BLUME, Justice.

In this case, Roy E. Hays Co., plaintiff below and appellant here, sought to have a claim against the Riverton State Bank, now defunct, established as a preferred claim upon the money that went into the hands of the State Examiner as Receiver of the bank. The court refused to allow the claim as preferred and from the judgment of the court to that effect the plaintiff has appealed.

The petition alleges in substance that the plaintiff deposited in the Riverton State Bank sums of money amounting to $2350.63 on various dates, commencing with August 1, 1932, and ending August 18, 1932; that on August 19, 1932, the State Bank Examiner took charge of the assets of the bank on account of the bank's insolvency; that the deposits above mentioned were accepted by the bank, although it was hopelessly insolvent during all of that time, with the knowledge of its officers and directors; that a claim has been filed with the Receiver as a preferred claim, but that he refuses to allow it and now withholds the amount above mentioned in trust for the benefit of the plaintiff; and asking that the claim therefor be allowed as a preferred claim. The case was tried to the court without a jury and plaintiff requested that the court make findings of fact and conclusions of law. This was done, and the court found as follows:

"1. That the plaintiff on the dates hereinafter designated deposited in the said Riverton State Bank of

Riverton, Wyoming, the following sums of money, to-wit:

| August | 1, 1932 | $ 99.03 | |
|---|---|---|---|
| " | 3, | 158.48 | |
| " | 4, | 74.60 | |
| " | 5, | 141.98 | |
| " | 6, | 70.51 | |
| " | 8, | 112.49 | |
| " | 9, | 43.67 | $700.76 |
| " | 11, | 660.21 | |
| " | 12, | 159.10 | |
| " | 15, | 243.30 | |
| " | 17, | 193.26 | |
| " | 18, | 395.00 | 1650.87 |

Total sum deposited $2351.63

2. That the court further finds that on the first day of August, 1932, the said Riverton State Bank was hopelessly insolvent, and so remained during the entire month of August up to and including the 18th day of August, 1932, that such fact was known to the officers and directors of said bank.

3. That notwithstanding the fact that plaintiff made said deposits, as aforesaid, the plaintiff failed to identify the same in the hands of the receiver, further than to show that during the entire period in the petition stated, the Riverton State Bank had on hand and deposited in other banks, a sum of money in excess of the amount deposited by plaintiff, as aforesaid."

The case is here without the evidence. Plaintiff claims that the conclusions of law are inconsistent with the findings of the court, and that its claim should have been established as a preferred claim pursuant to the findings of fact made by the court.

The only argument made by the attorney general to uphold the judgment herein is that the court failed to find that there was any money still remaining in the hands of the receiver in which the plaintiff has any interest; in other words, that so far as appears from

the record the deposits made by the plaintiff may all have been withdrawn from the bank by the plaintiff prior to the time that it was closed by the State Examiner, and that the court may have based its decision upon that theory. This argument, however, must, we think, under the facts in this case, be held to be without merit. It is admitted by the answer filed in this case that the deposits were made on the dates specified; that a claim therefor was presented to the State Examiner, and that it was rejected as a preferred claim. That impliedly admits that the claim was allowed as an ordinary claim and that, accordingly, it was never repaid by the bank. See 49 C. J. 274. There was no contention in the court below that the bank had ever repaid the deposits. The receiver did not plead payment, and as is well known, payment is not ordinarily presumed (48 C. J. 686), and the general rule is that such claim is a defense which must be specially pleaded if it is to be relied upon. 48 C. J. 666, 682. We fail to see why the case at bar should present an exception to that rule. When money is received by a bank as a deposit it creates, when the deposit is general, a debt, at least presumptively, just as much as a note evidences a debt, and the rule is that "a contract obligation shown to have existed at one time will be presumed to continue until its discharge is shown, and accordingly, an indebtedness shown to have existed is presumed to continue." 22 C. J. 90. That rule is, we think, applicable in the case at bar, even though the plaintiff claims that the deposits became a trust fund in the hands of the bank. The money, accordingly, so deposited, must be held not to have been repaid in so far as appears in the record in this case, and the court accordingly could not have based its decision upon any theory to the contrary, as contended by the argument of the attorney general.

It is apparent from the decision of the court that it is based solely on the fact that the deposited money was not sufficiently identified; that is to say, was not sufficiently traced into the hands of the receiver by the showing that was made herein by the plaintiff. We shall confine our opinion to that point, and shall assume, as the court evidently did, and in which the attorney general apparently concurs, that when the deposits were accepted by the bank when it was hopelessly insolvent to the knowledge of its officers and directors, they, these deposits, became a trust fund. See 3 R. C. L. 557, Sec. 184; Kime v. Ladd, 112 Kans. 603, 24 Pac. 628; 7 C. J. 730; notes to 20 A. L. R. 1206 and 81 A. L. R. 1078. In other words, the court was of the opinion that the money was not sufficiently traced when it was shown that the bank, during the entire period mentioned in the petition, which includes the time that the State Examiner took possession of the assets of the bank, had on hand a sum of money in excess of the amount deposited by the plaintiff, and which amount accordingly passed into the hands of the receiver. This opinion of the court was wrong. It inadvertently overlooked our decisions on that point. State v. Foster, 5 Wyo. 199, 38 Pac. 926, 29 L. R. A. 226; followed and applied in Lusk D. & I. Co. v. Gunther, 32 Wyo. 294, 232 Pac. 518; reaffirmed in Vermont Loan & Trust Co. v. First National Bank, 37 Wyo. 216, 260 Pac. 534. We there held that the presumption is that men act honestly; that when a trustee mingles trust money with his own and then draws out sums from the commingled fund by check and otherwise, it will be presumed that he drew out his own in preference to the trust money. In fact, in the Foster case, it was said that if there is any money on hand at the time when the trust fund is sought to be enforced, the foregoing presumption controls and the trustee will not be permitted to say that he has used trust moneys

when he had the right to use his own. In 22 R. C. L. 231, the rule is stated thus:

"The law presumes that trust funds were not appropriated and that a balance of cash in the hands of the depositary is the trust fund."

In other words, the presumption is that cash so on hand and passing to the receiver is the specific fund in the case like that at bar into which the trust money has been traced. 30 Mich. L. R. 443. The application of this rule in the case at bar follows as a matter of law from the facts which the court found. We need not enter into any limitations of the rule in this case, since no facts are found which qualify it and we cannot presume that evidence was offered which would do so in the case at bar. McHenry v. Carson, 41 Oh. St. 212; Albright v. Hawk, 52 Oh. St. 362; James v. West, 67 Oh. St. 28.

Much has been written and many cases have been decided on this subject since the foregoing decisions of this court were written. Some of these later decisions will be found in 82 A. L. R., page 1 and subsequent pages, and see lengthy note in that volume, commencing on page 46. In 30 Mich. L. R. 442, 444, the opinion is expressed that the rule as stated by this court is the prevailing rule, but that the tendency of late appears to be more liberal, namely, to allow a trust fund to be enforced upon all of the assets of an insolvent, even though not traced into a specific part thereof. Our opinions have been approvingly cited and sometimes quoted from by a number of courts. See particularly the case of Toole County v. Hadlock, (Utah) 11 P. (2d) 321. That case appears to state the law on the subject as well as could be done. We might incidentally mention the fact, since the funds here in question consisted of the cash on hand as well as balances in other banks, that it is held that such balances in other banks are just as much a part of the funds

into which the trust has been traced as the actual cash in the vaults of the insolvent bank. Schumaker v. Harriett, 52 F. (2d) 817; Reichert v. Bank, 255 Mich. 685, 239 N. W. 393, 82 A. L. R. 33; People v. Auburn State Bank, 215 Ill. App. 133; People v. State Bank, 229 Ill. App. 4; Yellowstone County v. Trust & Savings Bank, 46 Mont. 439, 128 Pac. 596. There are cases to the contrary cited in Reichert v. Bank, supra, and we shall not at present decide the point, since no controversy has been raised in regard thereto.

It follows from what we have said that the judgment of the trial court must be reversed and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion. It is so ordered.

*Reversed and Remanded.*

KIMBALL, Ch. J., and RINER, J., concur.