STANDARD OIL COMPANY, Claimant, Appellee, v. L. A. ANDREW, Plaintiff.

D. W. BATES, Superintendent of Banking, Substituted Plaintiff, Appellant, v. AMERICAN SAVINGS BANK of Maquoketa, Defendant.

No. 42494.

JUNE 23, 1934.

Edward L. O'Connor, Attorney-general, Lehan T. Ryan, Assistant Attorney-general, and Schoenthaler & Lee, for appellant.

Farr & Schroeder, for appellee.

DONEGAN, J.— For some years prior to the 2d day of October, 1931, the American Savings Bank of Maquoketa, Iowa, had conducted a general banking business in that city, and for practically two years prior to said date John L. Jones and L. W. Romer were acting as assistant cashiers of said bank. The Standard Oil Company (Indiana) had conducted a filling station in Maquoketa for two years prior to said 2d day of October, 1931. It appears that during the said two-year period the general method employed by the Standard Oil Company, in transmitting the receipts of the station at Maquoketa to its office in Davenport, Iowa, had been substantially as follows: Such agent of the Standard Oil Company would deliver the receipts of said station consisting of checks and currency to the American Savings Bank of Maquoketa, and at the time of each such delivery he would make out an ordinary deposit slip which he would deliver to the bank and would retain a duplicate of such deposit slip for the company. Along with each deposit slip such agent also presented to the bank an instrument which stated in substance that the bank had received, in trust, from the Standard Oil Company the amount evidenced by the deposit slip for the purpose only of transmittal to the First National Bank of Davenport, Iowa, for the use of Standard Oil Company. This instrument was then signed by an officer of the bank and returned to the agent of the Standard Oil Company at Maquoketa, by whom it was delivered to the office of the Standard Oil Company in Davenport. When this instrument was received at the office in Davenport, it was indorsed and deposited with the First National Bank and by this bank forwarded through banking channels to the American Savings Bank of Maquoketa, Iowa. At the time each such deposit

was made, the American Savings Bank at Maquoketa credited the account of the Standard Oil Company with the amount of the deposit, and when the instrument signed by the bank and delivered to the agent of the Standard Oil Company was returned to the bank through banking channels, the account of the company was charged with the amount shown by such instrument, and such instrument was then delivered to the agent of the company at Maquoketa.

On September 28, 29, 30, and October 1, 1931, six separate deposits, aggregating $665.83, were made by the agent of the oil company at Maquoketa with the bank pursuant to the method above stated, and six separate instruments showing the receipt of such deposits, in trust, for the purpose of transmittal were signed by the said bank, delivered to said agent, and by said agent delivered to the Standard Oil Company at Davenport. Each of these instruments was indorsed by the agent of the Standard Oil Company at Davenport to Union Savings Bank & Trust Company of Davenport, by said Union Savings Bank & Trust Company endorsed to Cedar Rapids National Bank, and by said Cedar Rapids National Bank forwarded to the American Savings Bank of Maquoketa, Iowa, where, however, they were not honored, for the reason that said bank had closed on the 2d day of October, 1931, before said instruments had cleared.

Following the closing of the said bank, L. A. Andrew, as superintendent of banking of this state, was appointed as receiver, and he was later succeeded by D. W. Bates. Within the time allowed by law, the Standard Oil Company filed its claim for a preference in the sum of $665.83. This claim was disallowed as to preference by the receiver, and was classified as a depositor's claim. The Standard Oil Company filed objections to the classification made by the receiver. Hearing was had, the facts being stipulated by the parties, and the district court of Jackson county, Iowa, entered an order establishing and allowing the claim as a preferred claim in the full amount claimed, with interest from the date of the order until paid. From said order, the receiver appeals.

The pertinent facts contained in the stipulation and not already referred to are, that the said six deposits involved in this case were received in behalf of the bank by either said John L. Jones or L. W. Romer, assistant cashiers, and the instruments in the form already referred to were signed by them respectively; that all of the instruments signed by the officers of said bank during the entire two-year period had been paid by the bank and charged against the

account of the oil company, with the exception of the said six instruments involved herein, and that said six instruments were not paid for the reason that when they reached the said American Savings Bank it had closed its doors and ceased to operate; that the checks received by the bank in connection with the deposits were by said bank placed in line for payment and collected, and that the money received on the collection of such checks, as well as the cash received in connection with deposits, was commingled with other cash in the bank; that monthly statements were issued by the bank during said two-year period and sent to the Standard Oil Company, through its local agent at Maquoketa, Iowa, showing the status of said company's account, and that said statements were the same as those sent to all individual depositors having checking accounts in said bank; that no passbook was issued by said bank to the Standard Oil Company in connection with its deposits, the said company retaining a duplicate of the deposit slip as its evidence of such deposit; that during the said two-year period there were other individual depositors who at no time received or used a pass book in connection with their deposits, but that such individual depositors did not present to and have signed and returned to them by the bank instruments of like character or nature as did the Standard Oil Company; that the bank received nothing for such service; that the First National Bank of Davenport, Iowa, ceased operation as a going bank on May 15, 1931; that during the period from the 28th day of September to the 2d day of October, 1931, when the American Savings Bank closed its doors, the lowest cash balance in said bank was the sum of $9,000; and that upon the closing of said bank the amount of cash which came into the custody of the bank receiver was in excess of $9,000.

The deposit slip used upon the occasion of each deposit was the ordinary form of such deposit slip, which contained blanks for the name of the depositor, the date of the deposit, the amount of currency, silver, gold, and checks. The instruments signed by the officers of the bank and delivered to the agent of the Standard Oil Company at Maquoketa, Iowa, were all in exactly the same form and varied only as to the dates and amounts. A copy of the instrument in connection with one of the deposits made on September 28, 1931, is as follows:

442

"Sep 28 1931  American Savings Bank   Bank

       Maquoketa, Iowa   No. 12800

Maquoketa, Ia. S. S. No. 12   Closed Sep 28 1931 193

       Town and State

Received in trust from

  Standard Oil Company (Indiana)    $136.94

American Savings

  Bank 72—252—$136 Dol's 94 cts    Dollars

For the purpose only of transmittal to the First National Bank, Davenport, Ia. N. P. 72—1 for the use of the Standard Oil Company (Indiana), Davenport, Ia.

Notice—The name of the town and bank receiving funds must always be given.

        "By Jno. L. Jones, a Cashier.

"Form 016 S 2—31"

Appellant contends that the order of the district court in establishing a preference should be reversed, because the instruments signed and delivered to the local agent of the oil company by the bank officers were not drafts; because the deposits made by the Standard Oil Company in said bank were not deposits for a specific purpose; and because the First National Bank of Davenport was not in existence at the time the deposits in question were made. We think it may be conceded that the instruments in question were not drafts, but we are of the opinion that the deposits made were for a specific purpose. With each deposit made, there was presented the instrument to be signed by the bank's officer and returned to the local agent of the Standard Oil Company in which it is specifically stated that the amount of the deposit is received *in trust* from the Standard Oil Company *for the purpose only of transmittal* to the First National Bank of Davenport, Iowa, for the use of the Standard Oil Company of Davenport, Iowa. While it is true that in no case were the identical checks and cash which were received by the bank forwarded to the First National Bank at Davenport, Iowa, nevertheless we think the wording of the instrument compels the conclusion that the amount of such checks and cash were received *in trust for the purpose only of transmittal,* and that, in view of the contract thus entered into between the bank and the Standard Oil Company, it cannot be said that the amounts thus received by the

bank were general deposits. Stress is placed by the appellant on the fact that each deposit was entered on the books of the bank to the credit of the Standard Oil Company and statements issued monthly as to other depositors having checking accounts. There is, however, nothing in the record to show that the oil company had any knowledge of the bookkeeping methods used by the bank. Even if it had such knowledge, it had no control over the bank's records, and the manner in which the bank chose to keep its record of the transactions cannot change the express terms of the written contract entered into when each deposit was made. Likewise, the issuance of monthly statements by the bank is in nowise inconsistent with the existence of a deposit for a specific purpose and cannot change the rights of the depositor.

Appellant further urges that there is nothing in. the stipulated facts to show that if appellee had drawn an ordinary check on its account, such check would not have been honored by the bank. On the other hand, there is nothing in the stipulation of facts to show that any such check ever was drawn. On the contrary, the fact that the method employed had been followed for approximately two years, and that all of the instruments signed by the bank upon receipt of the deposits, with the exception of the last six, had cleared, seems to indicate quite clearly that the Standard Oil Company had never issued any checks against this account, and that it was not a checking account. Moreover, there is nothing in the stipulated facts to show that the bank would have honored such a check if it had been issued.

Appellant further contends that, because there was no third party involved in this case, there can be no trust relationship and the depositor is not entitled to a preference. We do not think the cases cited by appellant in support of this contention are applicable to the facts of this case. In Standard Oil Co. (Indiana) v. Veigel, Commissioner of Banks, 174 Minn. 500, 219 N. W. 863, the point decided was that a certified check drawn by the agent of the oil company at Thief River Falls, Minn., upon the amount there deposited by him in the name of the company and payable to the company at Fargo, N. D., did not make the deposit a specific deposit. In Pacific States Savings & Loan Co. v. Commercial State Bank, 46 Idaho 481, 269 P. 86, 59 A. L. R. 443, it was held that a deposit made for safe-keeping did not constitute a special deposit.

In Andrew v. Farmers State Bank of Garnavillo, 217 Iowa 684, 251 N. W. 508, we had before us a case in which we said that:

"The most that can be said for the evidence in this case is that it shows that these three parties deposited this money in this bank to be drawn at such a time as they saw fit. They had complete control of the same, and could have drawn it at any time. Apparently they were simply depositing it there for safe-keeping, to be used by them when the proper time came."

It is quite apparent that the facts in that case were entirely different from those involved in the case at bar. It is true that in that case we did say:

"So far as called to our attention, the second phrase, 'deposits for specific purposes,' has been applied by this court in cases where money was deposited with a bank for the use or benefit of a third party, and no case is called to our attention where such rule is applied to a case where the depositor is the beneficiary."

The decision, however, was not made on this ground, and no rule based on this ground was announced even by way of dictum. That there is no such general rule we think is shown by the decision of this court in Smith v. Sanborn State Bank, 147 Iowa 640, 126 N. W. 779, 781, 30 L. R. A. (N. S.) 517, 140 Am. St. Rep. 336, where a deposit of $200 was made by the plaintiff with the understanding that $40 of said amount should be applied in paying off a rent claim held by the bank for collection, and that the remainder should be used by plaintiff in defraying the expenses of medical treatment of his wife. On the following day, plaintiff returned for the balance of the money but the bank refused to pay it to him, informing him that it had applied the balance of the deposit upon a promissory note which it held against him. The trial court sustained a motion for a directed verdict in favor of the defendant on the ground that the deposit, being on an open account subject to check, the bank had the right to apply it in payment of plaintiff's note. In reversing, we said:

"Of the general rule that a bank to whom a depositor is owing a matured indebtedness may appropriate the general deposit of its debtor to the discharge of the obligation there can be no doubt. Ætna Bank v. Fourth Nat. Bank, 46 N. Y. 82, 7 Am. Rep. 314;

Knapp v. Cowell, 77 Iowa 528, 42 N. W. 434. But it is no less certain that a deposit made for a special purpose or under a special agreement cannot rightfully be so appropriated. Wilson v. Dawson, 52 Ind. 513; Straus v. Bank, 36 Hun (N. Y.) 451; Straus v. Bank, 122 N. Y. 379, 25 N. E. 372; Judy v. Bank, 81 Mo. 404; Bank v. Macalester, 9 Pa. 475; Bank v. Bangs, 84 Ky. 135, 4 Am. St. Rep. 197. Indeed, the proposition that a bank enjoys no exemption from the general rule by which every party to a business transaction or agreement is legally bound to respect the obligation of his contract is one which ought to require neither argument nor citation of authority."

It is further contended by the appellant that, even if the appellee be entitled to a preferred claim, the court erred in its order in directing that said claim be allowed as preferred as against the assets of the bank, and that it draw interest from the date of the allowance until paid. We think these contentions of the appellant must be sustained. It seems to be the well-established rule in bank receiverships that, where a deposit in a bank is shown to be a trust fund, in order to entitle it to preference and payment out of the assets of the bank, such fund must be traced into assets of the bank coming into the hands of the receiver, so that such assets are thus augmented and payment can be made therefrom without impairing the rights of general creditors. Andrew v. Farmers State Bank of Lamont, 217 Iowa 69, 251 N. W. 23. See, also, Leach v. Iowa State Savings Bank, 204 Iowa 497, 215 N. W. 728; First State Bank of Oelke, 149 Iowa 662, 129 N. W. 70; Andrew v. Washington Loan & Trust Co., 217 Iowa 464, 250 N. W. 177. It appears further to be the rule that when a deposit constitutes a trust fund in the hands of a bank, it will be preferred and paid out of the cash of the bank which passed into the hands of the receiver, and that if such cash be not sufficient to pay all preferred claims in full, they must be prorated. Andrew v. Farmers State Bank of Lamont, supra. Andrew v. State Bank of New Hampton, 205 Iowa 1064, 217 N. W. 250; Leach v. Stockport Savings Bank, 207 Iowa 478, 223 N. W. 171; Andrew v. Farmers Savings Bank of Goldfield, 207 Iowa 394, 223 N. W. 249. That a preferred claim is not entitled to the payment of interest appears to be the rule accepted by this court in Leach v. Sanborn State Bank, 210 Iowa 613, 231 N. W. 497, 69 A. L. R. 1206.

We hold, therefore, that the order entered by the district

446

court must be modified, and that, instead of said claim being allowed as preferred against the assets of the bank, it should be allowed as preferred only against the cash assets of the bank which came into the hands of the receiver, and that no interest should be allowed thereon. Moreover, in case the cash assets of the bank which came into the hands of the receiver should not be sufficient, to pay the preferred claims in full, the claim of the Standard Oil Company must be prorated with the other preferred claims. As thus modified, the order of the district court is hereby affirmed.—Modified and affirmed.

All Justices concur.