ROY E. HAYS CO., INC., v. WILDE

(No. 1945; May 5, 1936; 57 Pac. (2d) 105)

For the defendant and appellant there was a brief by *Ray E. Lee,* Attorney General, *Thos F. Shea,* Deputy Attorney General, *William E. Snow,* Assistant Attorney General, and *Bard Ferrall,* all of Cheyenne, and oral argument by *Mr. Ferrall.*

488

For the plaintiff and respondent there was a brief by *G. H. Paul* of Riverton and *G. J. Christie* of Lander.

RINER, Justice.

This case was re-tried in the District Court of Fremont County, another Judge sitting, pursuant to the mandate of this Court issued as directed in Roy E. Hays Company, Inc., v. Wilde, 47 Wyo. 200, 33 Pac. (2d) 395, on substantially the original pleadings. The petition of the plaintiff is summarized in our former opinion, and it will not again be necessary to give its substance here. The answer in the case contained sundry admissions of some, coupled with the denial of all other allegations of plaintiff's pleading not admitted, the principal issue thus resulting being whether the alleged deposits made by the plaintiff in the Riverton State Bank were accepted by it when it was hopelessly insolvent and known to be so by its officers and directors.

The trial was again without a jury, and acceding to the request of counsel, the court once more made findings of fact and conclusions of law. For a more thorough understanding of the situation, it will be proper to call attention to the following findings of fact here given either summarized or verbatim: No. 3, "That on the 1st day of August, 1932, and at all times thereafter, until and including the 18th day of August, 1932, said bank was insolvent, and at all of said times the officers and directors of said bank knew said bank was insolvent;" Nos. 4 and 5, that during the first eighteen days of the month of August, 1932, the plaintiff made certain deposits on stated different dates, totaling $2351.63; No. 7, "That during said first eighteen days of August, 1932, deposits of approximately $102,525.00 were made by the depositors of

said bank;" Nos. 6 and 9, that plaintiff's claim for preference, in the sum above mentioned as deposited by him, was denied by the State Examiner, but that it and all the claims of the other depositors aforesaid were allowed as general claims by that official; Nos. 10, 11 and 12, that having regard to the cash on hand by the bank during the several dates, August 1st to 18th, inclusive, plaintiff could legally claim a preference in the sum of $2,150.24; Nos. 13 and 14, that the Riverton State Bank had moneys on hand and in other banks totaling $5,157.38 at the close of business on August 18, 1932, and that these funds were "commingled funds of the plaintiff and various other depositors of said bank who made deposits during the first eighteen days of August, 1932."

The court's first and second conclusions of law announced in the case were:

"1. That the plaintiff is entitled to a preference right in the sum of $2,150.24 against the funds in its bank in cash and funds on deposit in other banks in the foregoing findings mentioned, at the close of business on the 18th day of August, 1932;

"2. That said fund so on deposit was a trust fund for the payment of plaintiff and other depositors who made deposits during the same period of time and who have, or may hereafter within any time permitted by law, claimed and traced their funds so deposited into the hands of the receiver, and if the funds on hand are not sufficient to pay the claim of plaintiff together with any other claims properly allowable against said fund, then the plaintiff shall be entitled to a pro rata share only of the funds thus commingled and traced into the hands of the receiver."

A preference right to be paid from said cash funds in the sum of $2,150.24 was accordingly adjudged to plaintiff, "unless other like claims for preferences are established against said fund, in which case plaintiff is adjudged and decreed to be entitled to prorate with

such claims if said fund is not sufficient to pay all claims in full." The Examiner asks a review of this judgment, the record being here by the method of direct appeal procedure.

The evidence in the case is now before us in the record submitted, an element not appearing on the former review of the cause, and we are consequently enabled to examine the findings and conclusions stated above with that additional assistance.

It is not contended by appellant that the district court erred in deciding that plaintiff was entitled to a preference right to the extent of $2,150.24 in the $5,157.38 received by the State Examiner when he took possession of the failed Riverton State Bank. It is insisted, however, that inasmuch as it is shown by the evidence, and as the district court indeed found, the sum last mentioned was the commingled funds of depositors making deposits in the bank during the first eighteen days of August, 1932, the sum last mentioned should be divided pro rata among all of these depositors. We are inclined to think that this view of the matter should be upheld, except as other matters may appear relative to their claims which require a modification of this conclusion. The purpose of the provisions of Article 5 of Chapter 10, W. R. S., 1931, is clearly an equitable distribution of the assets of an insolvent banking institution.

As said in Rossi Bros., Inc., v. Commissioner of Banks, 283 Mass. 114, 186 N. E. 234, by the Supreme Judicial Court of Massachusetts, in speaking of the insolvent bank liquidation statute in that state:

"The purpose of that act is that the commissioner of banks shall gather all the assets of the bank and convert them into cash as soon as may be and, after deducting expenses, make an equal distribution of the net proceeds in dividends of equal proportion among creditors of the same class who have established their

claims. 'The fundamental principle is equality of treatment among all creditors of the same grade or class.' Cosmopolitan Trust Co. v. Suffolk Knitting Mills, 247 Mass. 530, 537, 143 N. E. 138, 141."

In S. J. Peabody Lumber Co. v. Northam, 96 Ind. App. 197, 184 N. E. 794, it was held that where the officials of a bank accepted general deposits when they knew of the institution's insolvecy, this constituted a fraud, creating a constructive trust, which entitled such depositor to a preferred claim, if his deposits augmented the bank's assets and were traceable into the hands of a receiver. It was also decided that in such case the depositor could only be awarded preference relative to these assets pro rata with other depositors similarly situated.

Where the trial court allowed a preference to a depositor on the ground that his deposits were trust funds in the hands of a bank which had failed and hence also in the hands of the receiver thereof, as to cash funds received by him, the decree further provided that such funds should be apportioned between the depositor and others entitled to preference in payment from this cash sum. Affirming this decree, in Briar Holding Co. v. Palm Beach Bank & Trust Co. et al., 102 Fla. 874, 136 So. 341, the Court said:

"The decree of the circuit court so limiting the application of its decree to participation by appellant pro rata with others equally entitled to preferential payments from the cash on hand in the vaults of the bank at the time it closed was correct and should be affirmed on the authority of Myers v. Matusek, 98 Fla. 1126, 125 So. 360; Bryan v. Coconut Grove Bank & Trust Co. (Fla.) 134 So. 229; Myers v. Federal Reserve Bank of Atlanta, (Fla.) 134 So. 600."

Likewise, in Iowa, under quite similar facts, substantially the same conclusion was reached, the court saying in Leach v. Stockport Savings Bank, 207 Iowa 478, 223 N. W. 171:

"So under the record in this controversy, it appears that, at the time of the bank failure, there was cash in the institution amounting to $5,699.76 which passed into the hands of the receiver. The inference is that it belonged to appellant. Rebuttal of the presumption was not made by the receiver. Therefore, we are constrained to hold that appellant has proven, through the inference, that said cash to the amount named belonged to and was its property. To that extent, then, the school district is entitled to the preference claimed. However, if there are other preferred claims likewise established as a trust therein, then there must be prorating among such beneficiaries, including appellant, because the common fund is not sufficient to repay the latter, let alone those contemplated. Leach v. Iowa State Sav. Bank, 204 Iowa 497; Andrew v. State Bank of New Hampton, supra; Leach v. Farmers Tr. & Sav. Bank of Dedham, 204 Iowa 1343."

To the same effect are the later cases from the same jurisdiction of Andrew, Supt. of Banking v. Farmers State Bank of Lamont, 217 Iowa 69, 251 N. W. 23; Standard Oil Co. v. Andrew, Supt. of Banking, 218 Iowa 438, 255 N. W. 497.

The judgment of the Circuit Court of Appeals for the Fourth Circuit, as expressed in the quite recent case of Poole v. Elliott, 76 Fed. (2d) 772, would seem also to be in accord with the views expressed on the point involved, as indicated by the authorities cited above, the court stating that:

"But, where the bank has been hopelessly and irretrievably insolvent over a long period, and the depositor must rely on the rule laid down in such cases as Brennan v. Tillinghast (C. C. A. 6th) 201 F. 609, 612; Empire Surety Co. v. Carroll County (C. C. A. 8th) 194 F. 593, 605, and Schumacher v. Harriett (C. C. A. 4th) 52 F. (2d) 817, 82 A. L. R. 1, to trace the trust funds, i. e., on the presumption that the bank respected the trust and preserved the trust fund, making payments in the meantime from other moneys (obviously a pure fiction in the case of a constructive trust), it is clear that other depositors as to deposits made during

this period are entitled in equity to the same relief as petitioner, and in granting relief the court should see that their rights are protected."

We are not clear that the judgment of the trial court in the case at bar did not have as its object the administration of the equitable principle pointed out by the decisions above reviewed. It certainly can be fairly construed as giving effect to it, and we think should be.

Respondent seems to contend that only the district court has a right to allow a preference claim on behalf of a depositor after suit brought by him for that purpose. It is accordingly argued that as respondent alone of the depositors who made deposits during the period August 1st to August 18th, 1932, in the Riverton State Bank, has followed this procedure, it alone is entitled to preference. But no statute has been called to our attention which so provides. Section 10-513, Wyoming Revised Statutes, 1931, which deals with the matter of the submission of creditors' claims to and disposition of such claims by the State Examiner, enacts in substance that the Examiner shall publish a notice for a specified period, calling on all persons who hold claims against the bank to present them to him within a stated time and at a specified place. Additionally, all who appear as creditors on the bank's books are required to receive such a notice. If the Examiner doubts the justice or validity of any submitted claim, he may reject it, and must notify claimant of the fact, whereupon the latter is required to bring an action upon this rejected claim within six months after service of such notice. Claims presented and allowed after the expiration of the time fixed in the notice are entitled to share in prior dividends "if there be funds sufficient therefor and share in the distribution of the remaining assets in the hands of the State Examiner equitably applicable thereto." It will be observed that there is nothing prescribed by this statute concerning the mat-

ter of bringing suit relative to claims allowed by the liquidating official. In this particular the law deals with rejected claims alone. Indeed, it is plain that claims can be filed and allowed after the time fixed by the warning notice to creditors, the claimant thereby, however, running the risk of there being insufficient funds to meet his claim in consequence of his delay.

In the case at bar, the claims of all the other depositors who made deposits from August 1st to 18th, 1932, have been filed with the State Examiner and allowed. They appear to have been allowed by him as general claims only. 3 Michie on Banks and Banking 239, § 176, says that:

"Failure to file a claim as preferred does not preclude claims pleaded and treated as preferred from being considered as such. The right of a claimant to assert priority for his claim already filed, should not be barred if made before the court has made an order determining what claims are entitled to priority. And an amendment of a claim within such time to assert a right of priority as a depositor, was properly allowed."

No statute or legal principle has been suggested or urged by the parties hereto, which prevents the Examiner, when enlightened by further evidence or knowledge, such for instance as has been supplied by the record in this case, from thereafter correcting his allowance of these claims as general claims so as to conform with the proven facts before him, and thereby establishing such claims as preferred, with the same status as respondent's. As has been noted, all these claims have been presented to and are on file with the State Examiner, and undoubtedly should be handled in accordance with the true facts surrounding each. It is, we apprehend, the duty of the Examiner to make the correction in his notation of allowance as soon as the exact facts are brought to his attention.

If extraneous reasons and circumstances exist or develop which in the opinion of "any party interested" should destroy such preference as allowed by the Examiner, the controversy can be litigated and the rights of all concerned preserved, as indicated in Section 10-518 W. R. S., 1931, which provides:

"Objection to any claim not rejected by the State Examiner may be made by any party interested by filing a copy of such objection with the State Examiner, who shall present the same to the district court of the judicial district in which the office of such bank was located, upon written notice to the party filing the same, said notice setting forth the time and place of the presentation. The court, upon return day of said notice, shall hear the objections raised to said claim, or refer the determination of said objections to a referee for report, or, upon demand of either the State Examiner or the party filing the objections, direct that the issues be tried before a jury. The court may make proper provision for unproved or unclaimed deposits."

Construing the judgment of the district court as properly directing the pro rata payment of respondent's claim with all others similarly situated, in the event the available sum is not sufficient to pay all such claims in full, we believe an affirmance of the judgment will be proper. What has been said herein as to the power and duty of the State Examiner relative to correcting his allowance of claims so as to agree with the facts and circumstances surrounding each, will, we think, result in an equitable distribution of the fund involved. The parties to the cause will each pay their own costs in this court.

*Affirmed.*

KIMBALL, CH. J., and BLUME, J., concur.